# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 18, 2007

## STATE OF TENNESSEE v. TRACEY C. CLARK

### Appeal from the Criminal Court for Williamson County
### No. 94-031    Timothy L. Easter, Judge

---

### No.  M2007-00496-CCA-R3-CD - Filed April 10, 2008

---

THOMAS T. WOODALL, J., concurring.

I concur with the result reached by the majority, but write separately to more closely examine various statutes which are applicable, either directly or indirectly, to the issue in this case. The source of the contested issue is Tennessee Code Annotated section 39-17-1322 which provides in full as follows:

> **39-17-1322.  Defenses.** — A person *shall not* be *charged with* or *convicted of* a violation under *this part* if the person possessed, displayed, or employed a *handgun* in justifiable self-defense or in justifiable defense of another during the commission of a crime in which that person or the other person defended was a victim. [Acts 1994, ch. 943, § 1.] (italicized emphasis added)

The words "this part" include all of the criminal violations in part 13 of Tennessee Code Annotated chapter 39, title 17, or more specifically, Tennessee Code Annotated sections 39-17-1001 through 39-17-1361, except for certain numbered sections "reserved" (§§ 39-17-1313, 39-17-1324 through 39-17-1349).

The criminal violations set forth in part 13 of title 39, chapter 17, comprise a diverse group of offenses involving a wide variety of weapons.  Some examples include section 39-17-1302, which prohibits the intentional or knowing possession, manufacture, transportation, sale, or repair of, among other items, "an explosive or explosive weapon," (a Class B felony), a "machine gun," (a Class E felony), a "short-barrel rifle or shotgun," (a Class E felony), a "hoax device," (a Class C felony), and a "switchblade knife or knuckles," (a Class A misdemeanor).  A "hoax device" is defined in Tennessee Code Annotated section 39-17-1301(5) as "any device that reasonably appears to be or is purported to be an explosive or incendiary device that is intended to cause alarm or reaction of any type by an official of a public safety agency or a volunteer agency organized to deal with emergencies."  Also it is a Class A misdemeanor for a person to possess any *firearm* within the

confines of a building where liquor, beer, or wine are sold for on premises consumption, T.C.A. § 39-17-1305(a),(b), except for a few limited exceptions. One of these exceptions is for a person "in the actual discharge of duties as a correctional officer employed by a penal institution." T.C.A. § 39-17-1305(c)(1). Section 39-17-1306 makes it a Class E felony to possess any *firearm* inside any room where judicial proceedings are in progress, with certain exceptions including law enforcement officers in the actual discharge of official duties.

Appellee in this case was indicted for violating Tennessee Code Annotated section 39-17-1309, specifically that portion which prohibits possession with the intent to go armed of any *firearm*, among other enumerated types of weapons. I have emphasized the word "firearm" in this opinion to make the point that many of the offenses set forth in part 13 of title 39, chapter 17, include violations involving all types of firearms: rifles and shotguns as well as handguns. By its explicit terms, the statutory defense relied upon by Appellee applies *only* to handguns, and not rifles, not shotguns, and certainly not knives, knuckles, or "hoax devices." Arguably then, a person who possesses in his vehicle parked at a school a shotgun, (normally used for hunting), while that person is attending a function at the school, could not avail himself of the defense set forth in Section 39-17-1322, if he is charged, as was Appellee, with violation of Code section 39-17-1309(b)(1), no matter what grave circumstances the person found himself to be involved in.

The defense set forth in Tennessee Code Annotated section 39-17-1322 is, to say the least, unusually drafted. I agree that the trial court could not dismiss the indictment upon Appellee's pre-trial motion based upon the statute itself barring an indictment. There may or may not be a remedy for a person who is wrongfully "charged" with a violation under part 13, title 39, chapter 17, but *pre-trial* dismissal of the indictment, which is based upon the trial court making a determination involving the general issue of guilt or innocence, is not that remedy. For Appellee to be found guilty as charged, the State would be required to prove beyond a reasonable doubt, that Appellee knowingly possessed or carried, with the intent to go armed, and whether openly or concealed, *any firearm* on a public or private school grounds. The defense in section 39-17-1322 requires proof that the firearm was in fact a handgun (as opposed to a rifle or shotgun) *and* that Appellee *justifiably* acted in self-defense of another in the commission of a crime wherein the "defended person" is a victim. "Justifiable self-defense" and "justifiable defense of another" are not defined in part 13, chapter 39, title 17, but are defined in Tennessee Code Annotated sections 39-11-611 (2007 Supp.) and 39-11-612. Obviously establishment of these defenses is fact driven. At trial, even uncontradicted testimony of facts regarding the defenses can be rejected by the trier of fact as being void of credibility. Accordingly, I also agree that the learned trial court could not grant relief to Appellee in this case without making a determination involving facts regarding the ultimate issue of Appellee's guilt or innocence. Accordingly, I concur.

_____
THOMAS T. WOODALL, JUDGE